IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Newport News Division

FILED
AUG 24 2026
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

UNITED STATES OF AMERICA

v.

JORDAN ISAIAH PIERCE,

a/k/a "L.A."

Defendant.

**UNDER SEAL**

Case No. 4:26-mj-55

GOVERNMENT'S MOTION TO SEAL COMPLAINT
PURSUANT TO LOCAL RULE 49(B)

The United States, by undersigned counsel, pursuant to Local Rule 49(B) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia, asks for an Order to Seal the complaint and affidavit in support of the complaint until the defendant is arrested.

**I. REASONS FOR SEALING** (Local Rule 49(B)(1))

1. The Federal Bureau of Investigation and Newport News Police Department are investigating JORDAN ISAIAH PIERCE for the July 11, 2022, armed robbery of the Market Express gas station located at 13300 Warwick Boulevard, Newport News, Virginia 23602. The investigative team is also investigating PIERCE for the June 15, 2022, armed robbery of the 7-Eleven gas station located at 1401 Kiln Creek Pkwy, Newport News, VA 23602. During the robbery of 7-Eleven, PIERCE murdered two employees of 7-Eleven.

2. Premature disclosure of the charges against the defendant would jeopardize an ongoing criminal investigation threatening our ability to locate and arrest the defendant, jeopardize the safety or cooperation of a confidential witness, and may lead to the destruction of evidence. Disclosure of the complaint and affidavit in support of the complaint would provide the defendant

and others with a roadmap of the ongoing criminal investigation, including the identity of agents and potential witnesses involved.

## II. REFERENCES TO GOVERNING CASE LAW (Local Rule 49(B)(2))

3. The Court has the inherent power to seal complaints and affidavit in support of complaints. *See United States v. Wuagneux*, 683 F.2d 1343, 1351 (11th Cir. 1982); *Arizona v. Maypenny*, 672 F.2d 761, 765 (9th Cir. 1982); *Times Mirror Co. v. United States*, 873 F.2d 1210 (9th Cir. 1989); *see also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975); *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980); *In re Braughton*, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Sealing the complaint and affidavit in support of the complaint is appropriate where there is a substantial probability that the release of the sealed documents would compromise the government's on-going investigation severely. *See, e.g.*, *In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 574 (8th Cir. 1988); *Matter of Eye Care Physicians of Am.*, 100 F.3d 514, 518 (7th Cir. 1996); *Matter of Flower Aviation of Kan., Inc.*, 789 F. Supp. 366 (D. Kan. 1992).

## III. PERIOD OF TIME GOVERNMENT SEEKS TO HAVE MATTER REMAIN UNDER SEAL (Local Rule 49(B)(3))

4. The complaint and affidavit in support of the complaint would need to remain sealed until the defendant is arrested.

5. Upon the defendant's arrest, pursuant to Local Rule 49(B)(3), the sealed materials will be automatically unsealed and handled as such.

6. The United States has considered alternatives less drastic than sealing and has found none that would suffice to protect this investigation. The United States will move to unseal

the documents before they are set to become automatically unsealed if it determines that circumstances warrant such action.

WHEREFORE, the United States respectfully requests that the complaint and affidavit in support of the complaint and this Motion to Seal and proposed Order be sealed until the defendant is arrested.

Todd W. Blanche
Attorney General

Theophani K. Stamos
First Assistant United States Attorney

Date: August 24, 2026 By: /s/
Mack Coleman
Lisa McKeel
Brian Samuels
Assistant United States Attorney