IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
*Newport News Division*

FILED
AUG 24 2026
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

UNITED STATES OF AMERICA

v.

JORDAN ISAIAH PIERCE
a/k/a "L.A.,"

Defendants.

UNDER SEAL

Case No. 4:26-mj-55

**AFFIDAVIT IN SUPPORT OF A**
**CRIMINAL COMPLAINT AND ARREST WARRANT**

**INTRODUCTION**

I, Zachary Mullin, being duly sworn, hereby depose and state:

1. I am a Special Agent with the United States Department of Justice, Federal Bureau of Investigation (FBI), assigned to the Peninsula Resident Agency, located in Newport News, VA. I have been employed by the FBI as a Special Agent since August 2023. Accordingly, I am an officer of the United States, who is empowered by law to conduct investigations regarding violations of United States law, to execute warrants issued under the authority of the United States, and to make arrests of those offenses, as enumerated in Title 18, United States Code, § 3052. Prior to my employment with the FBI, I served as a Ranger in the United States Army for approximately five years. I am currently a member of the FBI Safe Streets Peninsula Task Force (SSPTF). In the course of my duties, I am responsible for investigating crimes which include, but are not limited to, violent crimes, criminal organizations, crimes against children, robberies, extortion, firearms,

and drug trafficking offenses. Since joining the FBI, your affiant has received specialized training in criminal investigations, evidence seizure and reviewal, recovery, interview/interrogations, processing, and tactics.

2. The facts and information contained in this Affidavit are based upon my training, knowledge, experience, and discussions and observations with other law enforcement officers. All observations not personally made by me were relayed to me by the individuals who made them or were conveyed to me by my review of records, documents, and other physical evidence obtained during the course of this investigation. This Affidavit contains information necessary to support probable cause and is not intended to include each and every fact and matter observed by me or known to the Government.

3. This affidavit is submitted in support of a criminal complaint charging JORDAN ISAIAH PIERCE, a/k/a "L.A.," with interference with commerce by robbery, threats, and violence, in violation of Title 18, United States Code, Sections 1951(a) and 2, as well as possession, use, carry, and brandish a firearm during and in relation to and in furtherance of a crime of violence, in violation of Title 18, United States Code, Sections 924(c) and 2.

## PROBABLE CAUSE

### A. Background

4. On the morning of July 11, 2022, two men entered the Market Express gas station and convenience store located at 13300 Warwick Boulevard, Newport News, Virginia 23602 robbed the business, taking approximately $800 in United States currency from the cash register by brandishing a Draco firearm.

5. The Market Express gas station at 13300 Warwick Boulevard is known colloquially as the Red Barn gas station and convenience store. It is owned by R.B. and his limited liability company, Business 1.

B. Surveillance of the Robbery

6. Officers from the Newport News Police Department collected surveillance videos from the Market Express at 13300 Warwick Boulevard in the immediate aftermath of the robbery as well as other businesses in the area, including Business 2 at ** Colony Road in Newport News, Virginia 23602.

7. Your affiant has reviewed the surveillance videos and recognizes JORDAN ISAIAH PIERCE as the robber wearing a black Nike hooded jacket. Your affiant similarly recognizes Coconspirator No. 1 as the robber wearing a brown Nike hooded sweatshirt.

8. Prior to the robbery, PIERCE and Coconspirator No. 1 were captured on surveillance video walking from the Colony Square Apartments, around the storefront of Business 2, and toward the direction of the Market Express gas station and convenience store. Neither PIERCE nor Coconspirator No. 1 were wearing a mask to conceal their face.

9. During the robbery, Coconspirator No. 1 used, carried, and brandished a Draco firearm. A Draco is a semiautomatic pistol chambered in 7.62x39mm that resembles a short-barreled AK-47 rifle.

10. Coconspirator No. 1 brandished the Draco firearm at the store clerk, G.A., and opened the cash register while G.A. stood nearby at gunpoint. Coconspirator No. 1 removed approximately $800.00 in United States currency from the cash register. PIERCE stood nearby

and aided and abetted Coconspirator No. 1. After taking the money, Coconspirator No. 1 and PIERCE fled the store together.

11. In so doing, PIERCE and Coconspirator No. 1 took money and property from the person or presence of the store clerk by wrongful use of actual and threatened force, violence, and fear. The clerk, G.A., was held at gunpoint as he stood near the cash register while Coconspirator No. 1, aided and abetted by PIERCE, removed approximately $800.00 in United States currency from the register.

C. The Getaway Car

12. Cooperating Witness No. 1 (CW-1) resided at the Colony Square Apartments located at 58 Colony Square Court, Apartment **, Newport News, Virginia 23602, and told police that she saw a dark colored sedan pull in front of her apartment on the morning of the robbery, two individuals exit the vehicle, and the same individuals walk toward Colony Road. CW-1 saw the same two individuals return minutes later after jumping a fence and leave in the dark colored sedan.

13. The police recovered surveillance video from the Colony Square Apartments that showed a black Nissan Altima waiting in the parking area after 10:00 a.m. on the morning of July 11, 2022.

14. A Flock license-plate reader camera captured a black Nissan Altima with Virginia tag UAV-9607 at Colony Road and Aqueduct Drive at 10:32 a.m., just before the robbery.

15. Officers from Newport News Police Department stopped the Nissan Altima at approximately 6:39 p.m. on July 11, 2022, near the Market Express at 13300 Warwick Boulevard. The driver advised the stopping officers that she had borrowed the car from a known alias for Coconspirator No. 2.

16. Cooperating Witness No. 2 (CW-2) is the registered owner of the black Nissan Altima with Virginia tag UAV-9607. He purchased the car for Coconspirator No. 2 because he had more stable credit. According to CW-2 and other evidence collected to date, in or about 2022, PIERCE and Coconspirator No. 2 used the Nissan Altima. Coconspirator No. 2 made payments on the car.

D. Cellphone Evidence

17. On or about August 16, 2022, Coconspirator No. 2 was arrested and searched incident to arrest. The police seized a rose gold iPhone 6 and obtained a search warrant for the device.

18. From a review of the information seized in the iPhone 6, PIERCE frequently used the phone in the summer of 2022. The device was regularly connected to PIERCE's social media at the time and communications on the device make reference to PIERCE being the user of the device.

19. At the time the device was seized from Coconspirator No. 2, the rose gold iPhone 6 was in a "Lakers" protective case, which is significant because PIERCE's known alias is "L.A."

20. On iPhone 6 device, police located a text message from just before the robbery. At approximately 10:04 a.m., Coconspirator 3 messaged the iPhone 6 device, "It's jus da dude wit da glasses" – which matched the description of G.A., the store clerk working in the Market Express on the morning of the robbery. T Mobile records for the iPhone 6 show that following this message at approximately 10:09 a.m., there was a call between Coconspirator 3 and the iPhone 6 for approximately 36 seconds.

21. The cell-site location information for the iPhone 6 used by PIERCE in or about the summer of 2022 reflects that the device was in the vicinity of the Market Express convenience store on the morning of July 11, 2022.

22. On the iPhone 6, police located text messages from July 13, 2022, about the robbery. The user of the iPhone 6 warned the registered owner of the Altima that it had been used during a robbery. The user of the iPhone 6 messaged the owner of the Altima, "[vehicle owner] please call me." After a series of messages, the vehicle owner responded, ". . . I really need you to be honest with me so I know what to say to the police asking about [PIERCE] keep him away from you."

E. Interference with Interstate Commerce

23. As a result of the commercial robbery of the Market Express, PIERCE and his coconspirators interfered with interstate commerce. The Market Express gas station and convenience store sells gas and other products manufactured outside of the Commonwealth of Virginia.

24. As a result of the robbery, the Market Express was temporarily closed to the public, which interrupted and impacted the flow its business and accordingly interstate commerce.

**CONCLUSION**

Based upon the facts set forth above, I submit that probable case exists to believe JORDAN PIERCE, interfered with interstate commerce by robbery, threats, and violence, in violation of Title 18, United States Code, Sections 1951(a) and 2, and as well as possessed, used, carried, and brandished a firearm during and in relation to and in furtherance of a crime of violence, in violation of Title 18, United States Code, Sections 924(c) and 2.

Zachary Mullin
Special Agent
FBI Norfolk
Peninsula Resident Agency

Read and Approved:

Lisa McKeel
Mack Coleman
Brian Samuels
Assistant United States Attorneys

Subscribed and sworn to before me on August 24, 2026, in the City of Norfolk, Virginia.

LAWRENCE R. LEONARD
UNITED STATES MAGISTRATE JUDGE